UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNIQUE STAFF LEASING I, LTD.**, as Subrogee of **VICTOR RODRIGUEZ**, Deceased, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § § | SA-08-CV-0203 NN |
| **EXTREMA MACHINERY CO., INC.**, | § § | |
| Defendant. | § | |

## ORDER REMANDING CASE

This order addresses plaintiff Unique Staff Leasing I, Ltd.'s (Unique) opposed motion to remand a workers' compensation subrogation claim against defendant Extrema Machinery Company, Inc. (Extrema).[1] Unique also seeks an award of court costs, expenses, and attorneys' fees for time expended in seeking remand of this suit.[2] I have jurisdiction to resolve Unique's motion under 28 U.S.C. § 636(c) pursuant to the parties' consent,[3] which gives me authority to preside over "any and all proceedings in the case" and to enter a final judgment.[4] After reviewing the parties's arguments, I GRANT Unique's motion to remand and DENY its request for court costs, expenses, and attorneys' fees.

---

[1]Docket entry # 9.

[2]Docket entry # 11, p. 5.

[3]Docket entries #s 6 & 7.

[4]Docket entry # 8.

**Nature of the Case**

On January 31, 2008, Unique filed suit against Extrema in the 224th District Court, Bexar County, Texas.[5] The events giving rise to this lawsuit involve the death of Victor Rodriguez, who was employed by Unique and TWC Architectural Moldings, Ltd. under a staff-leasing agreement between the two companies.[6] In June 2007, Mr. Rodriguez was killed in a workplace accident "after being struck in the abdomen by a spear-like piece of wood thrown from the Extrema gang ripper saw he was operating."[7] As a certified self-insured workers' compensation carrier under the Texas Labor Code, Unique has been making death benefit payments to Mr. Rodriguez's legal beneficiaries.[8] Unique has stated that it will continue making these payments in the future.[9] Unique brought this suit against Extrema under the Texas Workers' Compensation Act (TWCA) "as subrogee of the legal beneficiaries of Victor Rodriguez, Deceased" to recover the death benefits which have been paid to Mr. Rodriguez's beneficiaries, along with an amount equal to the death benefits to be paid to the beneficiaries in the future.[10]

On March 12, 2008, Extrema timely removed the case to this court.[11] Extrema asserted

---

[5] Plaintiff's original petition, docket entry # 1, tab 4, p. 1.

[6] *Id.* at p. 3.  TWC Architectural Moldings, Ltd. is not involved in this suit.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at p. 1; docket entry # 9, p. 1.

[11] Docket entry # 1, p. 1.

that diversity jurisdiction existed under 28 U.S.C. § 1332(a).[12]  Unique responded on April 8, 2008 by moving to remand.[13]  Unique contends this suit is nonremovable under 28 U.S.C. § 1445(c) (section 1445(c)).[14]  In response, Extrema argues that removal was proper because section 1445(c) does not apply in this case.[15]  Unique replied to Extrema's response and urges the court to remand the case to state court.[16]  If section 1445(c) applies to this lawsuit, it must be remanded to state court.

### Applicable Standards

Extrema maintains that the court has diversity jurisdiction over this case.  Federal courts possess diversity jurisdiction in cases involving controversies between citizens of different states with an amount in controversy exceeding $75,000.00.[17]  A defendant seeking to remove a case to federal court "bears the burden of establishing federal jurisdiction over the state-court suit."[18]  This is because removal deprives a state court of jurisdiction over an action properly before it,

---

[12]*Id.* at pp. 2–3.  Extrema is a Louisiana corporation, while Unique is a Texas Limited Partnership.

[13]Docket entry # 9, p. 1.

[14]*Id.* at p. 2.  This section states: "A civil action in any State court arising under the workmen's compensation laws of such State *may not be removed* to any district court of the United States."  28 U.S.C. § 1445(c) (emphasis added).

[15]Docket entry # 10, pp. 1–2.

[16]Docket entry # 11, p. 5.

[17]28 U.S.C. § 1332(1).  While Unique has not plead an exact amount of damages, Extrema stated in its motion for removal that "because this case involves the injuries and death of an individual … it may fairly be presumed that the damages sought are in excess of $75,000.00, exclusive of interest and costs."  Docket entry # 1, p. 3.

[18]*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

raising "significant federalism concerns … which mandate strict construction of the removal statute."[19]  Once a plaintiff moves to remand, the defendant must prove the existence of federal court jurisdiction and show why removal is proper.[20]  If the defendant does not provide sufficient evidence justifying removal, "any doubt as to the propriety of removal [must be resolved] … in favor of remand."[21]

There are exceptions to a federal court's general removal jurisdiction, including when "an Act of Congress expressly prohibits removal."[22]  Unique contends section 1445(c) strictly prohibits the removal of this case.[23]  The statute provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State *may not be removed* to any district court of the United States."[24]  Extrema bears the burden of showing the court why this statutory prohibition against removal does not apply in this case.  If Extrema fails in this effort, I must remand this case to state court.

### Applicability of 28 U.S.C. § 1445(c)

The Fifth Circuit has yet to rule on the applicability of section 1445(c) in a workers' compensation subrogation claim, so there is no circuit guidance for how to resolve this precise

---

[19] *Id.* at 365–66 (citation omitted).

[20] *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 389 (5th Cir. 1998).

[21] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (footnote omitted).

[22] *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (citing 28 U.S.C. § 1441(a)).

[23] Docket entry # 9, p. 2.

[24] 28 U.S.C. § 1445(c) (emphasis added).

issue.  Both parties rely on Fifth Circuit decisions interpreting the provision in other kinds of workers' compensation cases to support their arguments.[25]  In *Jones v. Roadway Express, Inc.*,[26] the Fifth Circuit analyzed when section 1445(c) applies to state workers' compensation claims.[27]  The court noted that "whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one 'arising under the [state's] workers' compensation laws' for the purpose of section 1445(c)."[28]  Ultimately, the court adopted the standard used to determine whether a court possesses federal question jurisdiction over a claim: a case arises under a state's workers' compensation law when the suit "arises under the law that creates the cause of action."[29]

Extrema relies on this conclusion to assert this case is removable.  Extrema "urges that removal [is] proper because the mere fact that the Texas workers' compensation statutes have been referenced by [Unique] does not determine whether the claims 'arise under' the workers' compensation laws."[30]  It argues that "under [section] 1445(c), a claim will arise under Texas workers' compensation laws *only* if the Court must determine the 'validity, construction, or

---

[25]Several citations to other jurisdictions were also provided; however, these cases need not be discussed at this time.  The issue is resolvable by the sole consideration of Fifth Circuit decisions.

[26]*Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991).

[27]*Id.* at 1087.

[28]*Id.* at 1092.

[29]*Id.* ("We do not see any reason not to define 'arising under' in section 1445(c) as we have defined it in [28 U.S.C. §] 1331.")

[30]Docket entry # 10, p. 2.

5

effect' of the Texas workers' compensation laws in order to reach an ultimate result."[31]  Extrema argues that "[Unique's] causes of action are, at their essence, common law negligence and products liability claims."[32]  According to Extrema, because Unique's claims allegedly arise under the common law and not the TWCA, they "do not fit within the plain language of [section] 1445(c)."[33]

Extrema also relies on *Patin v. Allied Signal, Inc.*[34] as its basis for arguing that common law claims do not trigger the applicability of section 1445(c).[35]  The *Patin* court ruled that an employee's claims against a workers' compensation insurance carrier "for breach of the duty of good faith and fair dealing are *not* immunized against removal to federal court" by section 1445(c).[36]  The court based this ruling on the Texas Supreme Court's recognition that a suit for breach of the duty of good faith and fair dealing does not arise under the TWCA, but under the common law.[37]  The court further recognized that "damages for breach of good faith and fair dealing are not measured by reference to the exclusive remedy provision of the TWCA."[38]

The *Patin* case is easily distinguishable from this case.  Under Texas law, "subrogation is

---

[31] *Id.* at p. 3 (emphasis added).

[32] *Id.* at p. 2.

[33] *Id.* at pp. 7–8.

[34] *Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996).

[35] Docket entry # 10, p. 6.

[36] *Patin*, 77 F.3d at 784.

[37] *Id.* at 787.

[38] *Id.* at 788.

entirely a creature of the legislature, and [the subrogation right to sue] does not exist except when clearly mandated by the legislature."[39] This is in stark contrast to the common law breach of good faith claim at issue in *Patin*. If there was no subrogation right granted under the TWCA, Unique would have no claim for reimbursement against Extrema. As Unique points out, the measure of damages in subrogation and breach of good faith claims is also different.[40] Damages for the breach of good faith are common law damages, while subrogation damages are explicitly limited to "the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary," less reductions by the court.[41] Unlike the issue in *Patin*, Unique would have no common law right to sue under a subrogation theory unless this right was explicitly granted under the TWCA.

Unique also argues, and I agree, that Extrema has taken the *Jones* holding out of context.[42] Before reaching its "arising under" analysis, the *Jones* court discussed Congress's intent in enacting section 1445(c). It concluded the statute was enacted to "restrict diversity jurisdiction and to stop the removal of [workers'] compensation cases which were increasing the

---

[39] *Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108 (Tex. 1985). *See also Tex. Workers' Comp. Ins. Facility v. Aetna Cas. & Sur. Co.*, 994 S.W.2d 923, 925 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("A workers' compensation carriers' subrogation right is solely statutory.").

[40] Docket entry # 11, pp. 3–4.

[41] Tex. Lab. Code Ann. § 417.001(b). *See also Tex. Workers' Comp. Ins. Fund v. Serrano*, 962 S.W.2d 536, 538 (Tex. 1998) ("[Texas] courts of appeals have consistently held that a carrier is entitled to reimbursement from third-party recovery for the amount paid.").

[42] Docket entry # 11, p. 2.

already overburdened docket of the federal courts."[43]  A broad reading of section 1445(c) was urged because "Congress intended that *all cases* arising under a state's workers' compensation scheme remain in state court."[44]  The court recognized "a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition."[45]  Further, the court noted that the Fifth Circuit "has been reluctant 'to strain to find a way to entertain workmen's compensation suits'" because these cases "have little real business in a federal court."[46]  The court ultimately concluded the plaintiff's retaliatory discharge claim did in fact "arise under" the TWCA within the meaning of section 1445(c), stating "were it not for the workers' compensation laws, [retaliatory discharge claims] would not exist."[47]  The court reasoned that "[s]uch a resolution [was] necessary in order to satisfy Congress' dictate that, to the extent possible, workers' compensation cases remain in state courts."[48]

In its original petition, Unique brought suit under Title 5, subtitle A of the Texas Labor Code, which is a portion of the TWCA.[49]  Section 417.001(b) of the TWCA provides: "If a

---

[43]*Jones*, 931 F.2d at 1091.

[44]*Id.* at 1092 (emphasis added).

[45]*Id.* at 1091 (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964)).

[46]*Id.* (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 901 (5th Cir. 1964)).

[47]*Id.* at 1092.

[48]*Id.*

[49]Plaintiff's original complaint, docket entry # 1, tab, p. 1.  *See also* Tex. Lab. Code Ann. § 401.001 (Vernon 2006) (stating that title 5, subtitle A "may be cited as the Texas Workers' Compensation Act").

benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary."[50]  Mr. Rodriguez's legal beneficiaries have been receiving death benefits from Unique.  This gives Unique the statutory right to subrogate the beneficiaries' rights and sue in order to recover the benefits paid.

     I also agree with Unique's assertion that "it is plainly obvious that [Unique's] right to bring suit to recover workers' compensation death benefits paid or assumed would not exist without the workers' compensation statutes."[51]  This conclusion is justified by "broadly interpret[ing] [section] 1445(c) in order to further Congressional intent toward maintaining state court jurisdiction over workers' compensation cases filed in state court."[52]  "A plain reading of [section 1445(c)] lends credence to the proposition that [section] 1445(c) prohibits the removal of *any* state worker's compensation claims."[53]  While Unique may use negligence and products liability theories to prove Extrema's liability for the allegedly defective gang ripper saw, it would have no legal grounds to bring these claims without the subrogation right created by section 417.001(b) of the TWCA.  Borrowing from the *Jones* decision, "were it not for the workers' compensation laws, [section 417.001(b)] would not exist."[54]  Unique correctly states that its "right to bring this suit arises solely from Texas' workers' compensation laws," thus triggering

---

[50]Tex. Lab. Code Ann. § 417.001(b) (Vernon 2006).

[51]Docket entry # 11, p. 2.

[52]*Sherrod*, 132 F.3d at 1118 (citing *Jones*, 931 F.2d at 1092).

[53]*Id.* (emphasis added).

[54]*See Jones*, 931 F.2d at 1092.

the applicability of section 1445(c) and making this action nonremovable.[55] Extrema failed to prove that removal was proper. Consequently, this case must be remanded to state court.

## Costs, Expenses, and Attorneys' Fees

According to the United States Code, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[56] In the Fifth Circuit, "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'"[57] The court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper."[58]

An award of costs to Unique is inappropriate in this case. Extrema did not present any objectively unreasonable grounds for removal in its filings to the court. At first glance, this case appears removable because the requirements for diversity jurisdiction appear satisfied. Extrema made no frivolous or unreasonable arguments as to why section 1445(c) should not apply in this case. As mentioned earlier, the Fifth Circuit has not decided whether this provision applies in a workers' compensation subrogation case under the TWCA. The arguments put forth by Extrema's attorneys were compelling and reasonable, even though ultimately unsuccessful. Extrema's lawyers made the best legal arguments available in order to remove the case to federal

---

[55]Docket entry # 9, p. 2.

[56]28 U.S.C. § 1447(c).

[57]*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

[58]*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

court.  Both parties vigorously argued on behalf of their clients' interests; therefore, there is no basis to award costs or fees in this case.

### Court's Order

For the reasons discussed above, I find that this court lacks subject matter jurisdiction over this lawsuit.  Therefore, I GRANT plaintiff's motion to remand (docket entry # 9) and DENY plaintiff's request for costs, expenses, and attorneys' fees.  Accordingly, I REMAND this case to the 224th District Court, Bexar County, Texas.

**SIGNED** on July 3, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE